# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM P. PARKS,**

      **Plaintiff,**

v.                                       **Case No: 6:22-cv-125-CEM-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Amended Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) ("the Motion"), filed July 1, 2024. (Doc. 30.) Therein, Eddy Pierre Pierre, Esq. requests leave to charge Plaintiff, William P. Parks, $45,449.67 pursuant to 42 U.S.C. § 406(b). (*Id.* at 1.) For the reasons set forth below, I respectfully recommend that the Motion be granted.

### I.  BACKGROUND

On January 8, 2022, Plaintiff and Eddy Pierre Pierre, Esq. ("Counsel"), entered into a contingency fee agreement, whereby Plaintiff agreed to pay Counsel a fee of 25% of the total amount of past-due social security benefits ultimately awarded to Plaintiff or Plaintiff's dependents, minus any attorney fees paid to Counsel under the Equal Access to Justice Act ("EAJA"). (Doc. 30-2.) After this case was fully briefed, Magistrate Judge David A. Baker recommended that the case be reversed and remanded. (Doc. 22.) The presiding district judge adopted the recommendation and

remanded the case to the Commissioner. (Doc. 23.) On April 5, 2023, the Court awarded Plaintiff attorney fees in the amount of $7,177.26, pursuant to the EAJA, 28 U.S.C. § 2412(d). (Doc. 27.) Subsequently, the Social Security Administration awarded Plaintiff past-due benefits of $210,507.70. (Doc. 30-3 at 4.) The award notice stated that 25% of Plaintiff's retroactive benefits were withheld in the amount of $52,626.93. (*Id.*) Counsel, thereafter, filed the instant Motion seeking an award of attorney fees. (Doc. 30.) Specifically, Counsel requests an order authorizing him to charge and collect $45,449.67 in attorney fees from Plaintiff, pursuant to 42 U.S.C. § 406(b). (*Id.*)

## II.   STANDARD

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The Eleventh Circuit has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

## III. DISCUSSION

### a. Fee Award Under § 406(b)

Since Plaintiff was awarded past-due benefits following remand (Doc. 30-3), the Court may award attorney fees under § 406(b). Counsel requests an award of $45,449.67 in attorney fees, calculated as follows: 25% of the total past-due benefits of $210,507.70 equals $52,626.93, minus $7,177.26 in EAJA fees. I find this calculation to be accurate. In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held that "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Id.* at 1274. Therefore, the Court may award Counsel a reasonable fee under §406(b) less the amount of the EAJA fee.

### b. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the

> claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1365 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *E.g.*, *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *3 (M.D. Fla. Oct. 23, 2008); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008).

The retainer agreement establishes that Plaintiff agreed to pay attorney fees equal to 25% of the total of past-due benefits to which he was entitled. (Doc. 30-2.) Additionally, Counsel is well-versed in social security law, with over 20 years of experience, and devotes a large portion of his practice to representing social security claimants. (Doc. 30-1 ¶¶ 2–3.) Counsel also recovered a substantial sum of past-due disability payments for Plaintiff. Further, Counsel represents that he spent 28 attorney hours and 5 paralegal hours representing Plaintiff before this Court, which is not an insignificant amount of time. (*Id.* ¶ 14.) Therefore, I find the character of the representation and the results achieved to be excellent. After reviewing the Motion, the contingency fee agreement, the character of the representation, and the results obtained, the I find that an award of $45,449.67 in attorney fees is reasonable.

## IV.    RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Amended Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 30) and **AUTHORIZE** Counsel to charge

and collect from Plaintiff the sum of $45,449.67 in § 406(b) fees.

## **NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 1, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE